UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

        Plaintiff,

v.

CMDA LAW FIRM,

        Defendant.

_____/

Hon. Jane M. Beckering

Case No. 1:26-cv-1000

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on March 26, 2026.  (ECF No. 1).  The Court permitted Plaintiff to proceed as a pauper (ECF No. 4) and has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it was frivolous, malicious, or failed to state a claim upon which relief could be granted.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed and that this action be terminated.

### I. Background

Plaintiff initiated this action against CMDA Law Firm and the Kalamazoo County Administration.  (ECF No. 1, PageID.3).  Plaintiff's allegations and claims are confusing and largely difficult to discern.  Plaintiff seems to allege that Defendants conspired to commit fraud against him in an underlying, unidentified lawsuit: Defendants "knowingly [m]isrepresent[ed] facts, hid[ ] [m]aterial evidence, [and] [a]ssist[ed] client in [i]llegal acts while [c]oncealing actions from our court."  (*Id.*).  Further, Plaintiff seeks "to hold law firm CMDA accountable for attorney fraud, [f]act

proof of fraud, malice, [and] actions exceeding scope of job title." (*Id*.). Plaintiff seeks $60 million in monetary relief and asserts that Defendant CMDA law firm "should incur . . . disbarment." (*Id*.).

## II. Analysis

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense.   But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted.   Plaintiff's allegations do not provide dates, locations, or details to sustain any viable cause of action.   Plaintiff's claims are precisely the kind of "unadorned, the defendant-unlawfully-harmed–me accusation[s]" that are facially implausible and not viable under *Twombly* and *Iqbal.   Iqbal,* 556 U.S. at 678.   Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed and that this action be terminated.

<u>**CONCLUSION**</u>

For the reasons stated herein, the undersigned recommends that Plaintiff's complaint be dismissed.   For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

-3-

Respectfully submitted,


Dated: April 7, 2026                              /s/ Phillip J. Green
                                                 PHILLIP J. GREEN
                                                 United States Magistrate Judge

-4-